UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EDMUND B. SEMMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV 07-B-1682-NE |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This case arises from disputes between Edmund Semmes, plaintiff *pro se*, and his employer, the Nation Aeronautics and Space Administration ("NASA"). (Doc. 12.)[1] Plaintiff's complaint seeks approximately $1.2 million in damages, punitive damages over and above that amount, and a court order that: (1) causes NASA to circulate a written apology for its treatment of plaintiff; and, (2) overturns plaintiff's three-day disciplinary suspension. (Doc. 12, ¶¶ 101-05.)

The complaint at issue in this memorandum opinion is the second that plaintiff has filed. (*See* doc. 1 and doc. 12.) Following the filing of the initial complaint, the government moved to dismiss and, alternatively, for summary judgment. (Doc. 6.) In response, plaintiff, *sua sponte*, filed an "Amended Claim," (doc. 12), which the court has

---

[1] "Doc." refers to the document number that the Clerk of the Court assigns to a filing when it is made.

designated an Amended Complaint. (Doc. 17.) Thereafter, defendant United States filed a second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 18.)

For reasons that will be elaborated, this court finds that the claims plaintiff brings under the Federal Tort Claims Act and the Privacy Act are due to be dismissed for failure to state a claim upon which relief can be granted, and that the claims plaintiff brings under the Whistleblower Protection Act and the and No FEAR Act are due to be dismissed for lack of subject matter jurisdiction.

## I. Standard of Review

In considering a defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The same standard applies to a facial attack on the court's subject matter jurisdiction under Rule 12(b)(1). *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (*per curiam*) (citation omitted).[2] A motion to dismiss must be denied when "[plaintiffs' claims] may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct.

---

[2] Although both parties have submitted evidence (docs. 8, 9, 10, and 16) for prior motions in this litigation, the court does not rely on any of these submissions in ruling on the pending motion to dismiss. Thus, the court treats the defendant's attack on subject matter jurisdiction as a facial challenge rather than a factual challenge. *See Lawrence*, 919 F.2d at 1529 (explaining that a facial attack on subject matter jurisdiction requires the court merely to look and see if the complaint sufficiently alleges a basis for subject matter jurisdiction, with the allegations in the complaint taken as true).

1955, 1969 (2007) (substantively rephrasing and broadening the "no set of facts" dismissal standard of *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

Courts must construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (citing *Conley*, 355 U.S. at 45-46; *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944)); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also* Fed. R. Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice."). Indeed, the Eleventh Circuit requires that district courts permit a *pro se* plaintiff to amend his or her complaint before dismissing the action with prejudice, as long as the plaintiff has not indicated a contrary wish, and as long as a more carefully drafted complaint could satisfy the pleading requirements. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).[3] The court, however, is not required to accept as true plaintiff's conclusions of law when considering a motion to dismiss. *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

## II. Background

Plaintiff works at the George C. Marshall Space Flight Center in Huntsville, Alabama, and has been employed there for 30 years. (Doc. 12, ¶10.)  In his Amended

---

[3] The Eleventh Circuit has overruled *Bank* as to represented parties. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (en banc). However, the Eleventh Circuit has subsequently held that the *Bank* rule still stands for motions to dismiss in cases involving *pro se* litigants. *See Clark v. Maldonado*, 288 Fed. Appx. 645, 647 (11th Cir. 2008) (unpublished) (*per curiam*) (affirming *Bank v. Pitt* rule as to *pro se* litigants and vacating dismissal with prejudice of *pro se* complaint where district court failed to grant *pro se* litigant leave to amend).

Complaint, he states that, beginning in 2004 and continuing to the present, various employees of NASA "committed numerous wrongful acts and failures to act," which injured him in ways that include lost compensation, deprivation of professional association, reputational damage, emotional distress, and other forms of physical pain and mental suffering.  (*See* doc. 12, ¶10.)

The gravamen of the complaint is that plaintiff suffered a multitude of harms in retaliation for his opposition to management decisions made by personnel at the Marshall Space Center.  (Doc. 12.)

### III. Discussion

**A. Sovereign Immunity and the Federal Tort Claims Act**

The Amended Complaint relies on the Federal Tort Claims Act to bring claims under various tort theories that allege plaintiff is entitled to damages from the United States.  Except where the federal government has waived sovereign immunity, that immunity protects the federal government and its agencies from suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank,* 486 U.S. 549, 554 (1988)).  The FTCA provides such a waiver for certain torts committed by federal employees, *id.*, but the FTCA expressly excludes liability for certain intentional torts that federal employees commit, including "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).

Because many of the allegations of tortuous conduct by plaintiff's supervisors and coworkers sound in the nature of libel, slander, misrepresentation, deceit, or interference with contract rights, sovereign immunity precludes plaintiff from bringing these claims against the United States.  Furthermore, plaintiff may not rely on a negligence-based theory to state a claim predicated on the FTCA's waiver of sovereign immunity. Although both the Third and Ninth Circuits have allowed claims for negligent hiring and supervision of employees that resulted in damage to the plaintiff through a federal employee's intentional tort, *see Matsko v. United States*, 372 F.3d 556 (3d Cir. 2004); *Brock v. United States*, 64 F.3d 1421 (9th Cir. 1995); *Bennet v. United States*, 803 F.2d 1502 (9th Cir. 1986), the Eleventh Circuit has held a negligent hiring and supervision claim is not within the FTCA's waiver of sovereign immunity when the negligence claimed stems only from an intentional tort committed by a federal government employee. *See Reed v. U.S.P.S.*, 288 Fed. Appx. 638, 639-40 (11th Cir. 2008) (citing *Metz v. United States*, 788 F.2d 1528, 1533 (11th Cir. 1986)) (unpublished) (*per curiam*).[4]

---

[4] In *Reed*, the Eleventh Circuit affirmed the district court's Rule 12(b)(1) dismissal of a negligent hiring claim under the FTCA where that claim was based on a battery allegedly committed by a federal government employee.  *Reed*, 288 Fed. Appx. 638.  In so holding, the court stated that it had "held that a plaintiff cannot avoid the § 2680(h) exclusions by recasting a complaint in terms of negligent failure to prevent assault or battery because § 2680(h) bars any claim 'arising out of' assault or battery, including claims that sound in negligence but stem from a battery committed by a government employee." *Id.* at 639-40.  The court went on to state that "[i]t is the substance of the claims and not the language used in stating it which controls."  *Id.* (citing *JBP Acquisitions, L.P. v. United States*, 224 F.3d 1260, 1264 (11th Cir. 2000)).

**B. Preemption by the Civil Service Reform Act**

To the extent plaintiff's claims rely on any legal theory not foreclosed by sovereign immunity, the Civil Service Reform Act ("CSRA") preempts plaintiff's reliance on the FTCA to bring his claims against the United States.[5] The Eleventh Circuit has explained that the CSRA provides an "exclusive procedure for challenging federal personnel decisions." *Hendrix v. Snow*, 170 Fed. Appx. 68, 79 (11th Cir. 2006) (citing *Broughton v. Courtney*, 861 F.2d 639, 643 (11th Cir. 1988)). *See also, United States v. Fausto*, 484 U.S. 439, 454-55 (1988) ("The CSRA established a comprehensive system for reviewing personnel action taken against federal employees.").

The CSRA defines "personnel action" broadly; the statutory definition includes any appointment, promotion, disciplinary or corrective action; any detail, transfer, or reassignment; any reinstatement, restoration, reemployment, performance evaluation, decision concerning pay or benefits and the like; any decision to order psychiatric examination, or any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A). Section 2302(b) then proceeds to define "prohibited personnel practices" as any "personnel action" taken for an wide range of improper motives. *See id.*

---

[5] Under the CSRA, federal employees making claims about personnel practices must first go through the United States Office of Special Counsel, and appeals from it are made to the United States Merit System Protection Board. *See* 5 U.S.C. § 1214(a); 5 U.S.C. §1221. Article III review of Merit Board decisions lies with the United States Court of Appeals for the Federal Circuit, and not with a federal district court. 5 U.S.C. § 7703.

In elaborating the scope of CSRA preemption, the Eleventh Circuit has explained that "prohibited personnel actions defined in 5 U.S.C. § 2302(b) include a variety of actions *otherwise characterized as torts* under state law. The fact that these are intentional torts does not mean that they are not included. . . ." *Broughton*, 861 F.2d at 643-44 (emphasis added) (reversing denial of summary judgment and holding that the CSRA preempted state law tort claims for malicious interference with employment and conspiracy to interfere with employment that were brought by a demoted federal employee). Further, as this court has previously explained it, "[w]here the plaintiff's claims arose out of their employment relationship with the federal government and all actions taken by the defendants were related to the plaintiff's status as a federal employee, the actions constitute personnel decisions under CSRA, 5 U.S.C. § 2302(a)(2)(A)." *Hill v. Tennessee Valley Authority*, 842 F. Supp. 1413, 1417 (N.D. Ala. 1993) (citing *Rollins v. Marsh*, 937 F.2d 134, 138 (5th Cir. 1991)).

Plaintiff's Amended Complaint contends that his substantive claims lie outside the CSRA and, thus, may be litigated as state tort law causes of action. (Doc. 12.) In this, plaintiff is mistaken. As discussed above, it is the *substance* of the claims that controls rather than the language used to state them;[6] the court's review of plaintiff's pleadings demonstrates that plaintiff cannot state a claim under the FTCA that is outside the broad scope of CSRA preemption.

---

[6] *See Reed*, 288 Fed. Appx. at 640; *see supra* note 4 and accompanying text.

**C. The Amended Complaint**

The 12 counts of the Amended Complaint (doc. 12) are instructive: Count 1 (harassment and retaliation for reporting fraud and waste); Count 2 (harassment and retaliation for reporting violations of the law and felonious criminal activity); Count 3 (harassment and retaliation for reporting engineering malpractice, mismanagement, and safety hazards); Count 4 (failure to move forward on a patent application); Count 5 (invasion of privacy with respect to plaintiff's personnel file); Count 6 (constructive termination of plaintiff); Count 7 (intrusion upon plaintiff through messaging and comments); Count 8 (retaliatory conspiracy); Count 9 (obstruction of justice); Count 10 (conspiracy to impose illegal disciplinary action); Count 11 (negligent supervision of plaintiff); Count 12 (maintaining a corrupt, felonious, and atrocious work environment).

Careful review of the plaintiff's 105 paragraph Amended Complaint discloses *nothing* outside of the broad ambit of federal workplace disputes, and plaintiff's briefing in opposition to the motion to dismiss (doc. 21) further supports the court's conclusion. In his brief, plaintiff acknowledges that 9 of the 12 counts "can possibly be argued as illegal 'employment decisions'. . . ."[7] (Doc. 21, p. 10.) According to plaintiff's brief, these include Counts 1, 2, 3, 4, 5, 7, 8, 9, and 12. *Id.*

---

[7] The ellipsis reflects the court's omission of the phrase "are NOT personnel actions." Thus, in context, plaintiff's complete statement is: "[Counts 1, 2, 3, 4, 5, 7, 8, 9, and 12,] while possibly argued as illegal 'employment decisions' are NOT personnel actions." The attempt to distinguish allegedly illegal "employment decisions" from "personnel actions" reflects a central defect in the legal theories on which the Amended Complaint relies.

As to Count 6 and Count 11– two of the three counts that plaintiff does not recognize as forms of "employment decisions"– plaintiff's own characterizations are tantamount to the same acknowledgment. Plaintiff characterizes Count 6 as "a particularly egregious series of negligent illegal *management decisions*. . . ." (doc. 21, p. 10) (emphasis added) and Count 11 as "negligent *supervision*." *Id.* (emphasis added).

Count 10 is the one count excluded from the foregoing analysis. It alleges a conspiracy to impose an illegal three-day workplace suspension on plaintiff. Count 10 expressly incorporates facts plaintiff set out in doc. 4. (*See* doc. 12, ¶89.) Document 4 is a motion plaintiff filed in this court seeking emergency injunctive relief to prevent his suspension from NASA on the ground it violated 5 C.F.R. § 752.202(b), a regulation that prohibits covered federal employees from being suspended for reasons prohibited by §2302 of the CSRA. In 39 paragraphs that fill nine pages, plaintiff details a workplace dispute squarely within the domain of the CSRA. (*See* doc. 4.)

### IV. Plaintiff's Alternative Theories of Liability

In addition to the FTCA, plaintiff's Amended Complaint asserts claims and/or jurisdiction under the Whistleblower Protection Act ("WPA"), the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No FEAR Act"), as well as the Privacy Act. The court will address each in turn.

**A. Whistleblower Protection Act Claims**

Plaintiff's complaint invokes the court's jurisdiction under the Whistleblower Protection Act ("WPA").[8] (Doc. 12, ¶9.) The WPA "provides protection to federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to health and safety." *Hendrix*, 170 Fed. Appx. at 78 (citation omitted). It does not, however, supply plaintiff with an alternative basis for subject matter jurisdiction or a viable alternative theory of recovery in this case. In *Hendrix*, the Eleventh Circuit affirmed the district court's determination that CSRA provides the "exclusive remedy" for WPA claims and that, because the WPA is an amendment to the CSRA, WPA claims are properly considered under the procedural framework of the CSRA. *Id.* at 78-79. Plaintiff, however, relies on language in 5 U.S.C. §1222, which states that, with limited exceptions, "nothing in this chapter or chapter 23 shall be construed to limit any right or remedy available under a provision of the statute which is outside of both this chapter and chapter 23." (Doc. 21, p. 9.) Plaintiff therefore contends §1222 opens the door for his WPA claim.

In this, he is incorrect. The plain language of §1222 provides that §1222 does not limit any other *available* remedy. 5 U.S.C. §1222 (emphasis added). When Congress enacted §1222 in 1989, the Civil Service Reform Act and the Federal Tort Claims Act

---

[8] The WPA made amendments to 5 U.S.C. §1201 *et seq.*, in particular to 5 U.S.C. §§ 1211-1222. *See* Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (1989).

10

were both in place.[9]  As discussed already, it is the CSRA that generally prevents the district courts from reviewing agency personnel decisions.  *Hendrix*, 170 Fed. Appx. at 78-79.  As the Fifth Circuit has stated: "Because the CSRA precluded FTCA. . . claims before the WPA, it necessarily must preclude those claims after the WPA, given that the WPA was 'not intended to create a cause of action where none otherwise exists.'"  *Grisham v. United States*, 103 F.3d 24, 27 (5th Cir. 1997) (affirming dismissal of terminated NASA whistleblower's FTCA claim on ground that enactment of §1222 did not open the door to causes of action that were already foreclosed).  *See also Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) ("Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance."); *Gergick v. Austin*, 997 F.2d 1237, 1239 (8th Cir. 1993) (holding that the CSRA is an "exclusive remedial scheme" and that the WPA cannot be used to supplement or replace CSRA remedies); *Rivera v. United States*, 924 F.2d 948, 954 (9th Cir. 1991) ("The Whistleblower Protection Act of 1989 increases protections for whistleblowers, but it does so within the context of the CSRA. The Act does not authorize government employees to bring FTCA claims arising out of conduct addressed by the CSRA.") (affirming dismissal for lack of subject matter jurisdiction).

---

[9]  The Civil Service Reform Act was established by Act of Congress on October 13, 1978.  *See* Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (1978).  The Federal Tort Claims Act was initially created as Title IV of the Legislative Reorganization Act of 1946, established by Act of Congress on August 2, 1946.  *See* Legislative Reorganization Act of 1946, Ch. 753, Tit. IV, 60 Stat. 842 (1946).

Thus, the court finds that it is without subject matter jurisdiction over any claim plaintiff has brought based on the WPA.

**B. No FEAR Act**

The Amended Complaint also invokes the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No FEAR Act"). (Doc. 12, ¶9.) The No FEAR Act, however, also does *not* provide an independent jurisdictional basis for a suit, nor does it furnish any independent cause of action. *See Glaude v. United States,* 248 Fed. Appx. 175, 177 (Fed. Cir. 2007) (unpublished) (*per curiam*) (citation omitted). As the Federal Circuit recently explained, that statute "does not create a substantive right for which the government must pay damages, but rather, it requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury." *Id.* Based on this reasoning, the court finds that it is without subject matter jurisdiction to hear any claim plaintiff brings pursuant to the No FEAR Act.

**C. Privacy Act**

The Amended Complaint further relies on the Privacy Act as a cause of action. (Doc. 12, pp. 11-12.) Although the Eleventh Circuit has not taken a position regarding the CSRA's preemption of Privacy Act claims by federal employees, it has stated that Privacy Act claims "*may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions*." *Pellerin v. Veterans Admin.*, 790 F.2d 1553,

1555 (11th Cir. 1986) (finding dismissal under Rule 12(b)(6) proper where veteran sued federal agency under the Privacy Act in an effort to "collaterally attack" the agency's denial of disability benefits) (quoting *Rogers v. United States Dep't of Labor*, 607 F. Supp. 697, 699 (N.D. Cal. 1985) (emphasis added by the *Pellerin* court).

In considering whether the CSRA preempts a state law invasion of privacy claim, the Eleventh Circuit has emphasized the broad preemptive effect of the CSRA in stating that "[i]t is irrelevant that the CSRA does not provide a remedy for [plaintiff's] claim. 'We infer that Congress did not mention any state law tort remedies because it left no room for them.'" *Burl v. Principi*, 181 Fed. Appx. 760, 762 (11th Cir. 2006) (*per curiam*) (citing *Saul v. United States,* 928 F.2d 829, 842 (9th Cir.1991)).  Furthermore, the clear weight of authority holds that CSRA forecloses a federal employee from bringing a Privacy Act claim against a federal government entity for matters related to employment. *See Lee v. Geren*, 480 F. Supp. 2d 198, 203-06 (D.D.C. 2007) (providing a thorough review of the authority on CSRA preemption of Privacy Act claims).  Therefore, the court concludes that plaintiff has not stated, and cannot state, facts sufficient to show a cause of action under the Privacy Act.

## V. Leave to Amend

The court is further of the view that Plaintiff need not be given leave to replead on dismissal of the Amended Complaint.  The court is convinced that more carefully drafted claims would not satisfy the requirements to state a claim on which the court could grant relief.  The Eleventh Circuit contemplated a situation where an amended pleading could

13

state a claim on which relief could be granted when it rendered its decisions in *Bank* and *Clark*. *See Bank*, 928 F.2d at 1112 (noting that "if a more carefully drafted complaint could not state a claim. . . dismissal with prejudice is proper."); *Clark*, 288 Fed. Appx. at 647 (noting that a district court may not dismiss a complaint with prejudice without allowing the plaintiff a chance to amend *"*if a more carefully drafted complaint might state a claim.").

For the reasons stated herein, plaintiff's complaint is due to be dismissed in its entirety. All claims brought pursuant to the FTCA and the Privacy Act are due to be dismissed with prejudice. Those claims brought pursuant to the No FEAR Act and the Whistleblower Protection Act are due to be dismissed without prejudice because this court finds that it does not have subject matter jurisdiction to over them. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE**, this 31st day of March, 2009.

/s/ Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE